IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02378-GPG

JOSHUA LAMONT SUTTON,

    Plaintiff,

v.

RICHARD POUNDS, Dr.,
MANUEL ESPINOZA,
KAREN PARTEN (OR PORTER), and
LARRY MINAZUMI,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Joshua Lamont Sutton, is a prisoner in the custody of the Colorado Department of Corrections at the Trinidad Correctional Facility in Model, Colorado.  Mr. Sutton initiated this action on October 2, 2017, by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986.  He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On December 19, 2017, Magistrate Judge Gordon P. Gallagher reviewed the Prisoner Complaint pursuant to D.C.COLO.LCivR 8.1(b) and determined that it was deficient because Mr. Sutton failed to state an arguable claim for relief against each named Defendant for violating his federal constitutional or statutory rights.  (ECF No. 9).  Mr. Sutton was directed to file an amended pleading within 30 days.  (*Id.*).  Plaintiff thereafter requested and was granted an extension until February 24, 2018 to file his Amended Prisoner Complaint.  Plaintiff filed an Amended Prisoner Complaint on February 23, 2018.  (ECF No. 12).

The court must construe the Amended Prisoner Complaint liberally because Mr. Sutton is not represented by an attorney.   See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the court should not be an advocate for a *pro se* litigant.   See *Hall*, 935 F.2d at 1110.   For the reasons stated below, this action will be dismissed.

## I. The Amended Prisoner Complaint

Mr. Sutton alleges in the Amended Prisoner Complaint that on October 1, 2015, while he was incarcerated at the Colorado Mental Health Institute at Pueblo (CMHIP), each of the named Defendants diagnosed him with post- traumatic stress disorder, but did not advise the Plaintiff of this diagnosis.   Mr. Sutton states that he was thereafter transferred to prisons where he was placed on 24-hour-per-day lockdown, or was housed in cells with inmates who sexually assaulted him.   Mr. Sutton claims that the Defendants placed him in solitary confinement after he gave one or more of the Defendants, or their co-workers, some razor blades that he had intended to use to commit suicide, and told the Defendants that he was being prosecuted for harming another prisoner.   Plaintiff claims that the Defendants violated his Eighth Amendment rights and his Fourteenth Amendment equal protection rights.   He sues the Defendants in their individual capacities and requests monetary relief.

## II. Analysis

### A. § 1983 claims

#### 1. Eighth Amendment

Mr. Sutton asserts that the Defendants, who are medical and/or mental health care providers at CMHIP, are liable for alleged violations of his Eighth Amendment rights that occurred after he was transferred from CMHIP to other CDOC facilities.

Plaintiff was warned by Magistrate Judge Gallagher in the December 19 Order that the named Defendants could only be held liable under § 1983 if they were personally involved in a deprivation of his constitutional rights.  *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential" to a § 1983 action); *see also Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("[i]ndividual liability . . . must be based on personal involvement in the alleged constitutional violation."); *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993) (same).

Under the Eighth Amendment, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)); *see id.* at 833 ("[P]rison officials have a duty [under the Eighth Amendment] to protect prisoners from violence at the hands of other prisoners.").  The Eighth Amendment is violated when a prison official acts with deliberate indifference to a substantial risk of serious harm to an inmate.  *Id.* at 825, 828.  An Eighth Amendment claim must satisfy two requirements. "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id.* at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, "a prison official must have a 'sufficiently culpable state of mind.'" *Id.*  This second requirement is subjective, rather than objective: "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he

must also draw the inference." *Id*. at 837.

Mr. Sutton was warned in the December 19, 2017 Order that a *pro se* litigant's vague and conclusory allegations that his federal constitutional rights have been violated do not entitle him to a day in court regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

In the Amended Prisoner Complaint, Mr. Sutton fails to allege specific facts to show that any of the named Defendants were personally involved in his housing placements at other CDOC facilities, or that the Defendants acted with deliberate indifference to a serious risk of harm to his health or safety.   Moreover, even if one or more of the Defendants did recommend that Plaintiff be placed in solitary confinement at another CDOC facility based on a mental health diagnosis he received at CMHIP, or his possible suicidal behavior at that facility, placement in solitary confinement does not, by itself, violate the Eighth Amendment. *See Hutto v. Finney*, 437 U.S. 678, 687 (1978) ("It is perfectly obvious that every decision to remove a particular inmate from the general prison population for an indeterminate period could not be characterized as cruel and unusual.").

Consequently, the Eighth Amendment claims will be dismissed as legally frivolous.

**2.  Equal Protection**

In the Amended Prisoner Complaint, Mr. Sutton makes a conclusory assertion that the Defendants violated his Fourteenth Amendment equal protection rights.

"The equal protection clause provides that '[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws.'" *Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643, 659 (10th Cir. 2006) (quoting U.S. Const. amend. XIV, § 1), "which is essentially a direction that all persons similarly situated should be treated alike," *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).   To state an arguable equal protection claim, a plaintiff must first make a "threshold showing" that he or she was treated differently than others with whom the plaintiff was similarly situated. *Brown v. Montoya*, 662 F.3d 1152, 1172-73 (10th Cir. 2011) (internal quotation marks omitted).   See also *Matelsky v. Gunn*, No. 00-7097, 15 F. App'x 686, 689 (10th Cir. July 19, 2001) (unpublished) ("In the absence of any specific allegations of differential treatment, the Equal Protection claim is patently inadequate under any of the three equal protection theories—fundamental rights, suspect classification, or "class of one"—and was properly dismissed as frivolous."). *Accord Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (stating that even in "class of one" equal protection claim, the plaintiff must show that he "has been intentionally treated differently from others similarly situated.").

Mr. Sutton does not allege any facts to show that other inmates with whom he was similarly situated in all relevant respects were treated more favorably than him with regard to mental health care treatment or recommendations on housing placement at other CDOC facilities. *See Templeman v. Gunter,* 16 F.3d 367, 371 (10th Cir. 1994) (stating that it is not plausible that "there are no relevant differences between [Mr. Griffin] and other inmates that reasonably might account for their different treatment.").

As discussed above, Mr. Sutton was warned in the December 19 Order that vague and conclusory assertions that his constitutional rights were violated fail to state an arguable claim for relief. Therefore, the equal protection claim will be dismissed as legally frivolous.

### 3. Due process

To the extent Plaintiff alleges that his 24-hours-per-day confinement to his cell violated the Fourteenth Amendment Due Process Clause, Mr. Sutton has failed to state an arguable claim for relief.

Plaintiff was warned in the December 19, 2017 Order that to state an arguable due process claim, he must allege facts to demonstrate that he was intentionally was deprived of a constitutionally protected interest in life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). The existence of a constitutionally protected liberty interest depends upon the nature of the interest asserted. *See Sandin v. Conner*, 515 U.S. 472, 480 (1995). Generally, a liberty interest protected by due process may arise under the United States Constitution or state law. *See Sandin*, 515 U.S. at 483-84. However, "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). State law may create a liberty interest if it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Relevant factors to be considered in determining whether certain conditions of confinement impose atypical and significant hardship in relation to the ordinary incidents of prison life include whether the conditions relate to and further a legitimate penological interest, whether the conditions are extreme, whether the conditions increase

the duration of confinement, and whether the conditions are indeterminate.   See

*DiMarco v. Wyo. Dep't of Corr.*, 473 F.3d 1334, 1342 (10th Cir. 2007).

Mr. Sutton does not allege any specific facts in the Amended Prisoner Complaint concerning the amount of time Mr. Sutton was in 24-hour-per-day lockdown, or to show that the conditions of his confinement in lockdown imposed an atypical and significant hardship in relation to the ordinary incidents of prison life.

Therefore, to the extent Mr. Sutton is asserting a violation of his Fourteenth Amendment due process rights, the claim will be dismissed as legally frivolous.

### B. Other Civil Rights Claims

Mr. Sutton asserted claims under 42 U.S.C. §§ 1981, 1985, 1986, and 1987 in his original Complaint, but did not specifically refer to those statutes in his Amended Prisoner Complaint.

"Section 1981 prohibits racial discrimination in 'the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.'"   *Reynolds v. School Dist. No. 1, Denver, Colo.*, 69 F.3d 1523, 1532 (10th Cir.1995) (quoting 42 U.S.C. § 1981).   Mr. Sutton does not allege that any of the Defendants discriminated against him on the basis of his race in relation to a contract or contractual relationship.   As such, the § 1981 claim is legally frivolous.

With regard to § 1985, Plaintiff has not made any allegations of race or class-based animus, and, therefore fails to state an arguable claim for relief under the statute.   *Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir.1994). Since a § 1986 claim is

premised upon the existence of a valid § 1985 claim, plaintiff's § 1986 claim also fails. *See Abercrombie v. City of Catoosa, Okl.*, 896 F.2d 1228, 1230 (10th Cir.1990).

Finally, 42 U.S.C. § 1987 empowers specified federal officials to arrest and imprison offenders for violation of certain federal offenses. The statute does not provide for a civil remedy. Therefore, any claim Mr. Sutton asserts pursuant to § 1987 is legally frivolous.

### III. Orders

For the reasons discussed above, it is

ORDERED that the Amended Prisoner Complaint and this action are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Sutton files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED March 20, 2018, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court